FRANK JAMES, ALIAS WILL TYNES, v. THE STATE.

No. 122.    Decided December 1, 1909.

1.—Theft—Continuance—Want of Diligence—Insanity.

Where, upon trial for theft, defendant's application for a continuance did not show proper diligence, and it appeared therefrom that the testimony sought with reference to the defendant's insanity was probably not true, there was no error in overruling the same.

**2.—Same—Charge of Court—Definition of Offense.**

Where, upon trial for theft, the court's charge in defining the offense was correct when taken together with other portions of the charge, there was no reversible error.

Appeal from the District Court of Val Verde. Tried below before the Hon. W. C. Douglas.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the District Court of Val Verde County on May 13, of this year, on a charge of theft and his punishment assessed at confinement in the penitentiary for a period of two years.

1. The evidence leaves no doubt at all of appellant's guilt. When the case was called he made an application for a continuance which was by the court refused. This application was for the want of the testimony of Dr. Pope, ———— Purcell, Mr. James, all of Coleman, Coleman County, Texas, and Dr. Newsome of Rockwood in that county. It was represented that Coleman County was about five hundred miles distant from Del Rio, Val Verde County, and that it was impossible by any process whatever, or any diligence that he might use, or could have used to get process there and secure the attendance of the witnesses upon this term of the court. It was averred in the application that he was arrested in the town of Fowler, Hill County, Texas, on the 4th day of May and was placed in the county jail at Del Rio, Val Verde County, on the next day; that he employed counsel to represent him on Monday, the 10th day of May, 1909, and that a copy of the indictment was secured by his counsel on the same day. It is averred that the term of court expired by limitation on Saturday, 15th day of May, and that since his arrest it would have been impossible, by any process, to secure the witnesses and bring them to court in time for trial and that for this reason, knowing that the effort would be useless and expensive, no process was sued out. It was averred in the application that process was issued for Messrs. W. C. Woodward and A. L. Futch, of Coleman County, by the State on May 6, 1909, and not served until the 11th of the same month. As to the facts expected to be proven by the witnesses he makes this allegation: "That for a number of years he has suffered from fits followed by periods of insanity; that at the time of the commission of the offense with which he is charged that he was insane and that he continued to be insane for some time after-

wards and that shortly thereafter defendant, while incarcerated in the county jail at Coleman, Coleman County, Texas, was examined by the physicians, Drs. Pope and Newsome, who pronounced him insane and who gave it as their opinion that he had been insane for a number of years prior to their examination, which period of time would be long. prior to the alleged commission of the offense with which he is charged. That defendant expects to show by ———— James, his father, and by ———— Purcell, deputy sheriff of Coleman County, Texas, that he had been attacked by fits at different times and that he has upon different occasions been temporarily insane, and defendant believes from statements made to him by said physicians and by the other witnesses and by his own recollection of the occurrences at the time of the commission of the offense with which he is charged, that he was insane for a period of time anterior to the commission of the offense charged against him, and for some time subsequent thereto, and that the offense with which he stands charged was committed while he was suffering from insanity."

This application was stoutly resisted by the State in a sworn contest which we deem it unnecessary to set out. The record shows further that the indictment was returned against appellant on December 9, 1908. The date of appellant's arrest is not shown, except as stated in his application for continuance. This application shows that he was placed in jail in Val Verde County on May 5, of this year. The District Court of Val Verde County was in session at the time and remained in session until the 15th of the month thereafter. The record affirmatively shows that the witnesses Woodward and Futch for whom process was issued on the 6th of May were present in court and testified as witnesses in the case. The court being in session when appellant was arrested he was charged, of necessity, with the knowledge of this fact as well as the time when court would adjourn, and the importance of diligence in securing his testimony. It is evident, therefore, that he was lacking in diligence. Again, we are of the impression, as the court below seems to have been, in the light of the entire record, that the testimony sought was probably not true. There is no hint or suggestion in any of the facts attending the theft that appellant was insane. None of the witnesses sought had seen him at or about the time of the theft charged. At best his statement of the evidence desired is somewhat in the nature of a conclusion and the testimony of these witnesses not at all satisfactory, so far as the facts stated are concerned, as they would relate to his mental condition at the actual time of the taking. Considered altogether we think the court below did not abuse his discretion in overruling the application when presented, on account of the utter lack of diligence, nor was the greater discretion imposed by law upon him abused when the motion for new trial was presented, in overruling same.

The only other matter presented of any consequence at all is the complaint of the charge of the court. The following paragraph of the court's charge is complained of. In defining theft the court used this language: "Theft is defined to be the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some one holding the same for him, without his consent, with intent to deprive the owner of the value of the same and to appropriate it to the use or benefit of the person taking. The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft; but if the taking, though originally lawful, was obtained by false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete." It is objected that this paragraph of the court's charge is vague and ambiguous, tends to confuse the minds of the jurors as to when the taking of the property would not be wrongful as being acquired by lawful means, and as to when such taking would be wrongful on account of the manner of its appropriation, and such charge should have been qualified by explaining the meaning of lawful possession and possession obtained by a false or fraudulent pretext. It is to be confessed that, if copied correctly in the record, the second paragraph of the charge copied above is not very aptly expressed and if it stood alone would be subject to criticism. Construed, however, in the light of the subsequent portion of the court's charge, it cannot, we think, with any show of reason be contended that it was injurious or harmful. In a later paragraph of the charge the court thus instructed the jury: "Before you can convict the defendant you must believe from the evidence, beyond a reasonable doubt, that just before and at the time of obtaining possession of said horse (if he did obtain possession of said horse) and the making of said statement, if any, to Mrs. Strickland the defendant had formed the intent to appropriate said horse to his own use and benefit and to deprive the said C. O. Strickland of the value of the same; and you must further believe from the evidence, beyond a reasonable doubt, that the making of said statement, if any, by defendant to Mrs. Strickland was a false pretext on the part of defendant to obtain possession of said horse, and unless you so believe, beyond a reasonable doubt, you must acquit the defendant." We think, construed together, that the charge of the court very clearly presents the issue and is not subject to substantial complaint.

There are some other questions raised, which are not deemed of sufficient importance to be discussed.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*